IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK BRETT**, | : | **CIVIL ACTION NO. 1:13-CV-2624** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **JEFFREY BEARD**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 19th day of February, 2013, upon consideration of the report of Magistrate Judge Karoline Mehalchick (Doc. 7), recommending the court deny the plaintiff's motion (Doc. 3) to file documents under seal and dismiss plaintiff's complaint (Doc. 1) without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief can be granted, and, following an independent review of plaintiff's complaint, the court agreeing with the magistrate judge that the pleading is largely incoherent and fails to state any claim for relief, and it appearing that neither party has

objected to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 9) is ADOPTED in its entirety.

2. The motion (Doc. 3) to seal documents is DENIED.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice. See 28 U.S.C. § 1915(e)(2)(B)(ii).

4. Plaintiff may file an amended complaint within thirty (30) days of the date of this order. Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed and dismissed. See Local Rule of Court 15.1.

5. In the event that plaintiff does not file an amended pleading within thirty (30) days, the Clerk of Court shall close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania